Local AO 472 (Rev. 5/19)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) | ORDER OF DETENTION PENDING |
| | ) | TRIAL |
| vs. | ) | |
| | ) | Case No. 3:24-cr-36 |
| Alex Rogers | ) | |
| Defendant. | ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the following facts require the detention of the defendant.

### PART I – FINDINGS AND CONCLUSIONS

☐ **Alternative A –** The Court finds:
- ☐ (1) (a) There is probable cause to believe that defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3), **or**
- ☐ (b) Defendant is charged with an offense listed in 18 U.S.C. § 3142(f), and has been convicted of an offense described in 18 U.S.C. § 3142(e)(2); **and**
- ☐ (2) (a) Defendant has not presented sufficient evidence to rebut the presumption above, and detention is ordered on that basis, **or**
- ☐ (b) Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

☐ **Alternative B –** The Court finds one or more of the following:
- ☐ (1) The Government has proved by preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance.
- ☐ (2) The Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the safety of other persons or the community.
- ☐ (3) The Government has proved by a preponderance of the evidence that there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

☑ **Alternative C –** The Court finds one of the following:
- ☐ (1) Defendant does not contest detention at this time.
- ☐ (2) Defendant is not eligible for release at this time.
- ☑ (3) Defendant shall remain in custody until a residential reentry center placement is available.

### PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION
See attached written statement.

### PART III – DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

Date: 3/18/2024           /s/ Alice R. Senechal  _____
                          United States Magistrate Judge

**PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION**

*On March 18, 2024, the court held a hearing on the United States' motion for detention of Alex Rogers pending trial. During that hearing, the United States adopted the Pretrial Services Officer's recommendation that Rogers be released to a residential reentry center when funding for that placement becomes available. Rogers requested release to his residence in Michigan, noting his limited criminal history and availability of that residence. Because of the nature of the charges against him, 18 U.S.C. § 3142 presumes detention pending trial. The United States proffered evidence of a quantity of controlled substances found at a North Dakota residence where Rogers was present, and asserted his motivation for involvement in controlled substance trafficking was strictly financial. The United States also noted several failures to appear, and active warrants reflected on the Pretrial Services Report, though those primarily involve driving-related charges. The court finds availability of a residence and Rogers' limited criminal history sufficient to rebut the § 3142 presumption, but when the presumption is considered along with other evidence, the court finds detention pending RRC availability is warranted. As indicated during the hearing, the court would reconsider its decision if the delay in RRC placement is unduly prolonged.*