Local AO 472 (Rev. 5/19)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | ORDER OF DETENTION PENDING |
| Plaintiff, | ) | TRIAL |
| | ) | |
| vs. | ) | Case No. 3:24-cr-36 |
| | ) | |
| Ruthann Janneen Mountain | ) | |
| | ) | |
| Defendant. | ) | |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that the following facts require the detention of the defendant.

### PART I – FINDINGS AND CONCLUSIONS

☑ **Alternative A –** The Court finds:

☑ (1) (a) There is probable cause to believe that defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3), **or**

☐ (b) Defendant is charged with an offense listed in 18 U.S.C. § 3142(f), and has been convicted of an offense described in 18 U.S.C. § 3142(e)(2); **and**

☑ (2) (a) Defendant has not presented sufficient evidence to rebut the presumption above, and detention is ordered on that basis, **or**

☐ (b) Defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

☐ **Alternative B –** The Court finds one or more of the following:

☐ (1) The Government has proved by preponderance of the evidence that no condition or combination of conditions will reasonably assure defendant's appearance.

☐ (2) The Government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably ensure the safety of other persons or the community.

☐ (3) The Government has proved by a preponderance of the evidence that there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

☐ **Alternative C –** The Court finds one of the following:

☐ (1) Defendant does not contest detention at this time.
☐ (2) Defendant is not eligible for release at this time.
☐ (3) Defendant shall remain in custody until a residential reentry center placement is available.

### PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

See attached written statement.

### PART III – DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States marshal for the purpose of an appearance in connection with court proceedings.

Date: 4/2/2024                                     */s/ Alice R. Senechal*
                                                          United States Magistrate Judge

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

*On April 2, 2024, the court held a hearing on the United States' motion for detention of Ruthann Janneen Mountain pending trial. As the United States asserted, 18 U.S.C. § 3142(e) provides a presumption of detention because of the nature of the charges against Mountain. The United States pointed to evidence in the Pretrial Services Report, which shows a long history of criminal charges and convictions, failures to comply with court-ordered conditions of release, and several alcohol and controlled substances offenses. Additionally, Mountain has been convicted of escape and charged with providing false information to law enforcement. She reported participation in multiple substance abuse treatment programs, some of which she completed, and some of which she did not complete. Mountain is currently serving a term of state probation, has been convicted of new charges while on probation, and her state probation officer reported poor compliance with conditions of probation. The crimes currently charged are alleged to have been committed while Mountain was serving a term of probation. Mountain requested release to return to her Minot, North Dakota residence. Alternatively, she requested release to a residential reentry center when a placement there is available, and stated she was exploring substance abuse treatment programs. The court finds Mountain has not presented evidence sufficient to rebut the § 3142(e) presumption.*